# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| MANUEL J. DELGADO,<br><br>                Plaintiff,<br><br>v.<br><br>SALT LAKE CITY PUBLIC UTILITIES,<br>SALT LAKE CITY CORPORATION,<br>HOUSING AUTHORITY OF SALT LAKE<br>CITY, and DOLORES ALMEADIA,<br><br>                Defendants. | **MEMORANDUM DECISION and REPORT AND RECOMMENDATION**<br><br>Case No. 2:10-cv-00575-DAK-DN<br><br>District Judge Dale A. Kimball<br>Magistrate Judge David Nuffer |

        District Judge Dale A. Kimball referred the above captioned matter to the undersigned magistrate judge under 28 U.S.C. § 636 (b)(1)(B) "to handle [the] case up to and including [an] R&R on all dispositive matters."[1]

        On October 21, 2010, Salt Lake City Corporation (the City) filed a motion for a more definite statement because it could not ascertain from the complaint who were the actual defendants in this action.[2] The complaint named two different departments of the City, but failed to identify how either of the City departments had a role in the events Plaintiff alleges.[3] The City stated, "[w]ithout more specificity in the allegations against the City and/or its employees, the City lacks information necessary to adequately respond to the Complaint."[4]

---

[1] Order Referring Case, docket no. 5, filed August 9, 2010.

[2] Salt Lake City Corporations' Motion for a More Definite Statement, docket no. 10, filed October 21, 2010.

[3] *Id.*

[4] *Id.* at 1-2.

The court granted the City's motion and ordered Plaintiff to "file a more definite statement clearly setting forth each actual defendant and clearly identifying each defendant's connection to the allegations in the complaint."[5] The order further instructed: "If Plaintiff fails to comply with this order, 'the court may strike the pleading or issue any other appropriate order.'"[6]

Within the next few days, Plaintiff filed some papers that were lodged in the case. Those papers included an obscure reference to a change of address.[7] Within the week, the docket text order filed on November 8 was returned to the court as undeliverable because it was sent to the address of record at the time it was entered.[8] Realizing that Plaintiff had not received the first order, the court issued another order, granting Plaintiff additional time to file a more definite statement.[9] This order contained the same warning pursuant to Rule 12(e) as the first order.[10] As of the date of this report, Plaintiff has failed to file a more definite statement.

The court ordered Plaintiff to file a more definite statement "[o]n or before December 8, 2010."[11] Plaintiff's failure to follow the court order is reason enough to strike the pleading.[12]

---

[5] Docket Text Order, docket no. 14, filed November 8, 2010.

[6] *Id.* (citing Fed. R. Civ. P. 12(e)).

[7] Documents Lodged, docket no. 16, filed November 10, 2010.

[8] Mail Returned as Undeliverable, docket no. 15, filed November 17, 2010.

[9] Docket Text Order, docket no. 17, filed November 24, 2010.

[10] *Id.*

[11] *Id.*

[12] Fed. R. Civ. P. 12(e) ("If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.").

However, the complaint should be also dismissed under U.S.C. 28 § 1915(e)(2), which states in part: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious [or] fails to state a claim on which relief may be granted."[13] In this case, the complaint fails to state a claim for which the court may grant relief.

Plaintiff filed a civil rights complaint under 42 U.S.C. §§ 1983 and 1985. A claim under section 1983 must assert (1) a violation of a right secured by the Constitution and laws of the United States (2) committed by a person acting under the color of state law.[14] After listing each defendant in his complaint, Plaintiff answered "NO" to the question, "Was the defendant acting under the authority or color of state law at the time these claims occurred?"[15] Additionally, Plaintiff has not alleged any facts that suggest the defendants were acting under the color of state law. Furthermore, Plaintiff has failed to tie any of his allegations to a right secured by the Constitution or the laws of the United States. In fact, none of the allegations in the complaint are tied to any specific defendant or statute. Even under the liberal construction due a pro se filer,[16] Plaintiff has failed to state a claim under section 1983.

"Section 1985(3) provides for recovery of damages by a party who is injured as a result of a conspiracy to deprive any person equal protection of the laws."[17] Plaintiff fails to allege that he

---

[13] 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

[14] *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007).

[15] Civil Rights Complaint, docket no. 3, filed June 29, 2010.

[16] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[17] *Ford v. West,* 222 F.3d 767, 772 (10th Cir. 2000).

has been deprived of equal protection. Furthermore, Plaintiff's complaint does not present any facts that could be liberally construed to suggest that he was deprived of equal protection of the laws. Consequently, Plaintiff has failed state a claim for relief under section 1985.

### Recommendation

After a thorough review of Plaintiff's complaint under section 1915(e), it is recommended that District Court dismiss the complaint for failure to state a claim on which relief can be granted. However, given Plaintiff's pro se status, he should be granted the opportunity to properly amend his complaint. Accordingly, it is also recommended that the District Court also order that Plaintiff shall file a properly amended complaint within twenty-one days of the order of the District Judge or the case should be dismissed in its entirety.

### NOTICE TO PARTIES

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have fourteen days after being served to serve and file written objections to this Report and Recommendation. The District Judge will make a de novo determination of the specific objections by the parties. The District Judge may accept, reject, or modify this Report and Recommendation in whole or in part.

Further, the District Judge may also receive additional evidence on the matter or recommit the matter to the Magistrate Judge with instructions.

DATED this 27th day of December, 2010.

BY THE COURT:

_____
DAVID NUFFER
United States Magistrate Judge